IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT COLUMBIA

AMGUARD INSURANCE COMPANY )
)
v. ) NO. 1:21-cv-0075
) Campbell/Holmes
A&H TOWING, LLC; *et al.* )

**O R D E R**

Pending before the Court are numerous motions for summary judgment and related motions filed by Plaintiff, which are confusing, at best, and have unnecessarily congested the docket in this case. To bring some order to the docket, the motions are ruled on as follows[1]: (1) Plaintiff's motion to expand the time for filing dispositive motions (Docket No. 28) is DENIED as moot because Plaintiff's motion was timely filed[2]; (2) the Clerk is directed to TERMINATE Plaintiff's motion for summary judgment filed at Docket No. 33 as duplicative of Docket No. 34; (3) the Clerk is directed to also TERMINATE Plaintiff's so-called motion for leave to file excess pages (Docket No. 35) and to correct the description of that docket entry to refer to the filing as what it actually is, namely supporting exhibits for Plaintiff's motion for summary judgment (Docket No. 34); and, (4) Plaintiff's motion to render filing of exhibits as timely based on technical failure (Docket No. 36) is GRANTED.

Additionally, Defendants' motion for summary judgment (Docket No. 30) includes exhibits that do not comply with the Court's electronic filing requirements for filing exhibits, which must,

---

[1] Plaintiff's filings indicate that the requested relief was discussed with Defendants' counsel, who could not consent to the relief but does not intend to file a response in opposition.

[2] Plaintiff's motion was untimely because it was not filed 7 days in advance of the deadline as explicitly required by the Initial Case Management Order. (Docket No. 19 at para. M.) Nor do the explanations for the late filing suffice because there has been ample time since expiration of the discovery deadline, *see* Docket No. 26, for Plaintiff to have received necessary deposition

when filed, be briefly described. *See* TNMD User Manual for Case Management Electronic Case Filing System, Chapter 5, Section B(2) at p. 22 (brief description of exhibits is mandatory). Defendants must, therefore, by no later than **January 19, 2023**, refile the exhibits with mandatory descriptions by appending the exhibits to a Notice of Filing that clearly refers to Docket No. 30.

All parties and their counsel are cautioned that the Court has no intention of taking any further action to assist in filing errors. Failure to comply with court-ordered deadlines and the Court's procedures will be increasingly consequential. See Fed. R. Civ. P. 16(f).

Pursuant to Local Rule 16.01(h)(2), the District Judge is provided notice that on January 13, 2023, the following dispositive motions were filed: 1) motion for summary judgment by Defendants A&H Towing LLC, Austin R. Padgett, Harold Padgett, and John D. Venable with statement of undisputed material facts and separately filed supporting memorandum of law (Docket Nos. 30-32)[3]; 2) motion for summary judgment by Plaintiff Amguard Insurance Company with appended (rather than separately filed) supporting memorandum and statement of undisputed material facts and exhibits separately filed on January 14, 2023 (Docket Nos. 34 and 35).[4] The Clerk of Court is directed to forward the motions and any responsive filings for the District Judge's consideration.

It is so ORDERED.

BARBARA D. HOLMES
United States Magistrate Judge

---

transcripts. Because Plaintiff filed the summary judgment motion by the original deadline, there is no need for the Court to take further action on the motion for extension of time.
   [3] See above for directions to Defendants to refile the incorrectly described exhibits appended to Docket No. 30.
   [4] See above for directions to Clerk to assist in cleaning up the docket following Plaintiff's multiple incorrect filings.