# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| AMGUARD INSURANCE COMPANY, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | NO: 1:21-cv-00075 |
| V. ) | |
| ) | JUDGE CAMPBELL |
| A&H TOWING, LLC ET AL., ) | MAGISTRATE JUDGE |
| ) | HOLMES |
| ) | |
|     Defendants. ) | |

## PLAINTIFF'S AMENDED OR SUPPLEMENTAL RESPONSE TO DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

COMES NOW, Plaintiff AmGuard Insurance Company, ("Plaintiff" or "AmGuard"), by and through its attorneys of Gordon & Rees LLP, and for its Amended Response to Defendants' Statement of Facts in Support of Plaintiff's Motion for Summary Judgment submits as follows, requesting consideration of Plaintiff's amended response set forth below in conjunction with Plaintiff's *Notice of Repeated Identical Technical Failure* and in conjunction with the direction provided by the Sixth Circuit Court of Appeals in *Stough v. Mayville Community Schools*, 138 F3d. 612 (1998); *Miller v. Shore Financial Svcs.,* 141 Fed.Appx. 417, 2005 WL 1579515 (6th Cir. July 5, 2005); *Nolt v. Knowles*, Case No. 3:20-cv-00962 (Dec. 19, 2022); *Stanton v. Correct Care Solutions*, 2020 WL 807367 (Feb. 18, 2020)*; Haynes v. City of Clarksville*, 2019 WL 109370 (recent opinions issued in the Middle District finding that drastic sanctions unwarranted under similar or more advanced factual scenarios related to counsel's procedural inconsistencies or unintentional errors)failure to comply with Court's decisions citing the *Stough* case in determining the proper remedies under similar circumstances:

1. Harold Padgett started A&H Towing in January of 2016 and remained the sole owner of the business until it shut down in October of 2022. The "A&H" in A&H Towing stands for "Amanda and Harold." A&H Towing was in the business of towing and roadside assistance from January of 2016 until it closed in October of 2022. [Exh. 3, H. Padgett Decl., ¶ 2; Exh. 1, H. Padgett Dep. P. 9].

RESPONSE: **NOT IN DISPUTE EXCEPT TO THE EXTENT OF AUSTIN PADGETT'S TESTIMONY THAT HE WORKED AS A DRIVER, DISPATCHER AND MECHANIC FOR A&H TOWING DURING HIS EMPLOYMENT WITH A & H TOWING, EVIDENCING OTHER BUSINESS ACTIVITIES OF A&H TOWING.** *(Austin Padgett, Ex. 6, p. 15).*

2. In 2020, Harold Padgett sought renewal of liability insurance for A&H Towing through Aldridge Insurance Agency. Aldridge Insurance Agency was utilized by A&H Towing for the application process as to the AmGuard insurance policy upon which this action based. [Exh. 3, H. Padgett Decl., ¶ 3; Exh 6, Pl. Ans. Interrog. 4].

RESPONSE: **NOT IN DISPUTE.**

3. Aldridge Insurance Agency prepared the application for insurance for A&H Towing dated May 12, 2020, which was signed electronically by Harold Padgett on July 5, 2020. (hereinafter "Application" or "Insurance Application"). [Exh. 4; Exh. 3, H. Padgett Decl., ¶ 3].

RESPONSE: **DISPUTED TO THE EXTENT THAT HAROLD PADGETT PROVIDED THE INFORMATION CONTAINED WITHIN THE APPLICATION FOR INSURANCE, AND VERIFIED THE STATEMENTS WITH HIS ELECTRONIC SIGNATURE.** *(Harold Padgett, Exhibit 1, p. 9).*

4. All communications to and from Harold Padgett relating to the Application were with Aldridge Insurance Agency. [Exh. 3, H. Padgett Decl., ¶ 4]

RESPONSE: **DISPUTED TO THE EXTENT THAT THE COMMUNICATIONS REGARDING THE APPLICATION AND THE POLICY WERE FOR THE PURPOSE OF COMMUNICATING SAID STATEMENTS TO AMGUARD FOR THE ISSUANCE OF THE POLICY IN QUESTION.** *(Harold Padgett, Ex. 1, p. 9*; *Ex. 3, pp. 5, 59-60*; *Ex. 3 to Defendants' Response in Opposition to Plaintiff's Motion for Summary Judgment, H. Padgett Decl. ¶ 15)*.

5. On July 12, 2020, AmGuard Insurance Company ("AmGuard") issued an insurance policy under Policy Number K2GP110720 to Named Insured: Harold Padgett DBA A&H Towing under which coverage for Business Auto Liability was provided for a policy period of July 12, 2020 to July 12, 2021 (hereinafter "Policy"). [D.E. 1-1, Page ID# 20].

RESPONSE: **DISPUTED TO THE EXTENT THAT COVERAGE DURING THE STATED TIME PERIOD IS CURRENTLY IN DISPUTE** [*Plaintiff's Complaint,* Doc. 1].

6. All premium payments due on account of the Policy were paid to Aldridge Insurance Agency. [Exh. 3, H. Padgett Decl., ¶ 5].

RESPONSE: **DISPUTED AS WORDED**. *(D.E. 1-1*, *Declarations)*.

7. Harold Padgett did not have any communications with anyone at AmGuard until after the Carter Wreck on February 17, 2021. Prior to then, all communications with A&H Towing or Harold Padgett regarding the Policy were through Aldridge Insurance Agency. [Exh. 3, H. Padgett Decl., ¶¶ 4, 15; Exh. 1, H. Padgett dep., P. 33, ln. 6-9].

RESPONSE: **DISPUTED**. *(Harold Padgett, pp. 33, 42, Ex. 1, p. 9*; *Ex. 3, pp. 5, 59-60*; *Ex. 3 to Defendants' Response in Opposition to Plaintiff's Motion for Summary Judgment, H. Padgett Decl. ¶ 15).*

(*Deposition of Harold Padgett*, pp. 33, 42).

8. All statements and representations in the Insurance Application were truthful and correct at the time the Application was dated and signed. [Exh. 3, H. Padgett Decl., ¶ 6].

RESPONSE: **DISPUTED.** (*Plaintiff's Complaint; Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment*; *Deposition of Austin Padgett, 24:20 – 25:7, 25:24 – 26:1, 34:11 – 34:25, Ex. 2, Ex. 3, Ex. 4, Ex. 6*, *p. 15*).

9. All statements and representations in the Insurance Application remained truthful and correct through the date the Policy was delivered and became effective on July 12, 2020. [Exh. 3, H. Padgett Decl., ¶ 6].

RESPONSE: **DISPUTED.** [*Plaintiff's Complaint; Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment*; *Deposition of Austin Padgett, 24:20 – 25:7, 25:24 – 26:1, 34:11 – 34:25, Ex. 2, Ex. 3, Ex. 4, Ex. 6*, *p. 15*)

10. At the time the Application was submitted and signed, A&H Towing had 4 employees, who were Harold Padgett (Driver), Randal Venable (Driver), Jerry Rich (Driver), and Austin Padgett (Dispatcher/shop mechanic). [Exh. 3, H. Padgett Decl., ¶ 7; Exh. 1, H. Padgett Dep., P. 18, ln. 15 – P. 19, ln. 22].

RESPONSE: **DISPUTED AS WORDED.**

11. At the time the Application was submitted and signed there were four people who would possibly drive any of A&H Towing's trucks listed under the Policy, who were: 1. Harold Padgett; 2. Randal Venable; 3. John Venable; and 4. Jerry Rich. Of those 4 individuals, only 3

were employees of A&H Towing. [Exh. 3, H. Padgett Decl., ¶ 9; Exh. 5; Exh. 1, H. Padgett Dep., P. 18, ln. 15 – P. 19, ln. 22 ]

RESPONSE: **DISPUTED.** (*Plaintiff's Complaint; Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment*; *Deposition of Austin Padgett, 24:20 – 25:7, 25:24 – 26:1, 34:11 – 34:25, Ex. 2, Ex. 3, Ex. 4, Ex. 6*, *p. 15*).

12. At the time the Application was submitted and signed, John D. Venable was not an employee of A&H Towing. [Exh. 1, H. Padgett Dep., P. 19, ln. 2-10; Exh. 3, H. Padgett Decl., ¶ 9].

RESPONSE: **NOT IN DISPUTE.**

13. John D. Venable was listed as a possible driver in the Driver Schedule only because he owner/financed and leased one of the A&H Towing trucks listed under the Policy. [Exh. 1, H. Padgett Dep., P. 19, ln. 1-10; Exh. 3, H. Padgett Decl., ¶ 9].

RESPONSE: **NOT IN DISPUTE**.

14. The Insurance Application asks for the *number* of employees but it did not ask for the names of all employees. If the Application did ask for the names of all current employees, Austin Padgett would have been listed. [Exh. 5, application; Exh. 3, H. Padgett Decl., ¶ 10].

RESPONSE: **DISPUTED AS INADMISSIBLE SPECULATION.**

15. Austin Padgett, who is the son of Harold Padgett, began working full time at A&H Towing in 2018 or 2019. [Exh. 2, A. Padgett Dep., P. 24, ln. 8-10; Exh. 4, A. Padgett Decl. ¶ 2].

RESPONSE: **DISPUTED AS WORDED** (*Austin Padgett*, *34:14 – 35:10, Ex. 2*).

16. Early in Austin Padgett's employment at A&H Towing, he worked as a Driver operating a tow truck, but he stopped driving for the company after approximately six (6) months.

[Exh. 2, A. Padgett Dep., P. 29, ln. 12 – 22; P. 27, ln. 10 – 22; Exh. 4, A. Padgett Decl. ¶ 2; Exh. 3, H. Padgett Decl. ¶ 11].

RESPONSE: **NOT IN DIPSUTE FOR PURPOSES OF SUMMARY JUDGMENT**.

17. In Fall of 2019, due to an accumulation of points on his CDL, Austin Padgett stopped driving for A&H Towing, in any capacity, and assumed the job position of dispatcher and shop worker/mechanic. [Exh. 4, A. Padgett Decl. ¶¶ 2-4; Exh. 2, A. Padgett Dep., PP. 27 – 30].

RESPONSE: **DISPUTED**. (*Austin Padgett*, *34:14 – 35:10, Ex. 2*)

18. After Austin Padgett stopped driving for A&H Towing in Fall of 2019, he did not drive for A&H Towing in any capacity for approximately one year. [Exh. 4, A. Padgett Decl. ¶¶ 2 – 5; Exh. 2, A. Padgett, Dep., P. 31, ln 4-8]. From Fall of 2019 through approximately one year later in late August or early September, 2020, Austin Padgett was not driving vehicles for A&H Towing in any capacity. [Exh. 4, A. Padgett Decl. ¶¶ 4 – 8; Exh. 2, A. Padgett, Dep., P.31, ln. 4-10].

RESPONSE: **DISPUTED.** (*Austin Padgett*, *34:14 – 35:10, Ex. 2*).

19. From the time Austin Padgett stopped driving for A&H Towing in Fall of 2019, through the time A&H Towing went out of business in 2022, Austin Padgett's job position was that of dispatcher and shop worker/mechanic. [Exh. 4, A. Padgett Decl. ¶ 4].

RESPONSE: **DISPUTED** (*Complaint; Austin Padgett*, *4:20 – 25:7, 25:24 –26:1, 34:11 – 35:10, Ex. 2, Ex. 3, Ex. 4, Ex. 6*, *p. 15*)

*Post-Policy Change in Circumstances*

20. After the Policy was issued and delivered, A&H Towing lost one of its Drivers – Jerry Rich. [Exh. 3, H. Padgett Decl. ¶ 12; Exh. 1, H. Padgett Dep., P. 19, ln. 20 – P. 20, ln. 8].

RESPONSE: **UNDISPUTED AS IRRELEVANT PURPOSES OF SUMMARY JUDGMENT.**

21. In late August or early September of 2020, because A&H Towing was down a driver, Austin Padgett began infrequently driving to calls for A&H Towing as needed when all of the company's drivers were unavailable, but his job remained that of Dispatcher and Shop Mechanic. [Exh. 3, H. Padgett Decl. ¶¶ 12 -13; Exh. 4, A. Padgett Decl. ¶¶ 4 – 8].

RESPONSE: **DISPUTED AS TO DATE OF DATE ON WHICH DEFENDANT BEGAN DRIVING** (*Austin Padgett*, *34:14 – 35:10, Ex. 2*)

22. Although Austin Padgett began to drive to calls on an irregular basis beginning around September of 2020, Harold Padgett did not consider him to be a Driver/Operator for the company. [Exh. 3, H. Padgett Decl. ¶ ¶ 12 -13].

RESPONSE: **DISPUTED**. (*Complaint; Austin Padgett*, *4:20 – 25:7, 25:8-23, 25:24 – 26:1, 34:11 – 35:10, Ex. 2, Ex. 3, Ex. 4, Ex. 6*, *p. 15*)

23. Harold Padgett did not immediately realize he needed to notify the Agent or AmGuard that due to this change in circumstances Austin Padgett was going to start driving to the occasional call, because Austin Padgett was employed as the Dispatcher, not a Driver and it was not a common occurrence for Austin to drive to a call. [Exh. 3, H. Padgett Decl. ¶¶ 12 - 13]. It was not Harold Padgett's intent to conceal or somehow hide this fact. [Exh. 3, H. Padgett Decl. ¶¶ 12 - 13].

RESPONSE: **DISPUTED** *(Deposition of Harold Padgett, 34:24-36:16, Exhibit 1, p. 9)*

24. Although Harold Padgett inadvertently failed to immediately notify the Agent or AmGuard of the change in circumstance, he did notify the Agent that Austin would be driving

from time to time in early September, 2020. [Exh. 3, H. Padett Decl. ¶ 14; Exh. 1, H. Padgett Dep., P. 20, ln. 9 – P. 21, ln. 16; P. 29, ln. 22-25]

      RESPONSE: **DISPUTED** *(Deposition of Harold Padgett, 41:8-24).*

*Killen Wreck*

25.     On September 1, 2020, A&H Towing received a call and the company drivers were unavailable, so Austin Padgett drove the company truck to the call. On his way back to the A&H Towing shop, Austin Padgett was involved in a minor collision with a passenger car. The damage to other vehicle was minor, and it did not appear that anyone was injured at the scene. Both vehicles were driven from the scene. (hereinafter "Killen Wreck"). [Exh. 4, A. Padgett Decl. ¶8].

      RESPONSE: **UNDISPUTED FOR PURPOSES OF SUMMARY JUDGMENT**.

*Notice to Agent*

26.     Within a day or two after the Killen Wreck, Harold Padgett contacted the insurance agents at Aldridge Insurance Agency ("Agent"). At that time, Harold Padgett informed the Agent that Austin Padgett was involved in small accident and explained to the Agent that since they recently lost a driver, Austin Padgett was now occasionally filling in as need to drive to calls if the other drivers were unavailable. [Exh. 3, H. Padgett Decl. ¶ 14; Exh. 1, H. Padgett Dep., P. P. 20, ln. 9 – P. 21, ln. 16; P. 29, ln. 22-25].

      RESPONSE: **DISPUTED**. *(Deposition of Harold Padgett, 41:8-24 – 42:9)*

27.     Harold Padgett informed the Agent at Aldridge Insurance Agency in September of 2020 that Austin Padgett was starting to occasionally drive on calls as needed when company drivers were unavailable. [Exh. 3, H. Padgett Decl. ¶ 14; Exh. 1, H. Padgett Dep., P. P. 20, ln. 9 – P. 21, ln. 16; P. 29, ln. 22-25]

      RESPONSE: **DISPUTED** *(Deposition of Harold Padgett, 41:8-24 – 42:9)*

28. After Harold Padgett informed the Agent that Austin Padgett was driving when the need arose, the Agent informed Harold Padgett that A&H Towing would be covered since Austin Padgett was driving with permission and was Harold' son. [Exh. 3, H. Padgett Decl. ¶ 14; Exh. 1, H. Padgett Dep., P. P. 20, ln. 9 – P. 21, ln. 16; P. 29, ln. 22-25].

RESPONSE: **DISPUTED, AGENT'S STATEMENT DISPUTED AS STATEMENT BASED ON INADMISSIBLE HEARSAY**. *(Deposition of Harold Padgett, 41:8-24 – 42:9)*

29. Following that conversation with the Agent, Harold Padgett believed that if Austin Padgett drove to a call for A&H Towing, he would be covered under the Policy. [Exh. 3, H. Padgett Decl. ¶ 14; Exh. 1, H. Padgett Dep., P.29, ln.22-25].

RESPONSE: **DISPUTED**. (*Deposition of Austin Padgett*, *34:14 – 35:10, Ex. 2*) (*Deposition of Harold Padgett*, 34:19 – 35:8; *Ex. 3, p. 51*)

*Fatality Wreck & Carter Lawsuit*

30. On February 17, 2021, inclement weather resulted in an unusually high volume of calls to A&H Towing. [Exh. 4, A. Padgett Decl. ¶10].

RESPONSE: **UNDISPUTED FOR PURPOSES OF SUMMARY JUDGMENT**.

31. Austin Padgett was working as the dispatcher that day when a call came in from State Highway Patrol for assistance. Because all company drivers were busy, Austin Padgett drove one of A&H Towing's vehicles to the call and provided assistance. [Exh. 4, A. Padgett Decl. ¶¶ 10 – 11].

RESPONSE: **UNDISPUTED FOR PURPOSES OF SUMMARY JUDGMENT.**

32. On his way back to the A&H Towing shop, Austin Padgett was involved in a catastrophic wreck involving a small passenger vehicle. The passenger vehicle was driven by Melissa Carter and her son, Maxwell Howard, was a passenger. The collision caused the vehicle

to engulf in flames. Austin Padgett was able pull Ms. Carter out of the burning vehicle, but Ms. Carter's son perished in the fire. (hereinafter "Carter Wreck"). [Exh. 4, A. Padgett Decl. ¶¶ 10 – 11].

RESPONSE: **UNDISPUTED FOR PURPOSES OF SUMMARY JUDGMENT.**

33. On March 10, 2021, less than one month after the Carter Wreck, Ms. Carter filed her lawsuit for personal injuries and wrongful in the Maury County Circuit Court under Case No. 17057, styled, *Maxwell Kenneth Howard, deceased b/n/f Melissa Carter, and Melissa Carter individually v. Austin R. Padgett, Harold Padgett d/b/a A&H Towing, and John D. Venable*. (hereinafter "Carter Lawsuit"). The Carter Lawsuit seeks $925,000 for injuries to Melissa Carter and $10,000,000 in wrongful death damages. [D.E. 1-4, Page ID# 229].

RESPONSE: **UNDISPUTED FOR PURPOSES OF SUMMARY JUDGMENT.**

34. The claims arising in the Carter Lawsuit were timely submitted to AmGuard for defense and indemnity. [Exh. 3, H. Padgett Decl ¶15].

RESPONSE: **UNDISPUTED FOR PURPOSES OF SUMMARY JUDGMENT**
.

*Killen Wreck Lawsuit*

35. On July 9, 2021, over ten months after the Killen Wreck, a lawsuit was filed in the Maury County Circuit Court by one of the occupants of the passenger vehicle alleging injuries. ("Killen Lawsuit"). [D.E. 1-2]. The Killen Lawsuit seeks $150,000 in damages. [D.E. 1-2, Page ID # 162].

RESPONSE: **UNDISPUTED**.

36. The first time AmGuard or its agents notified its insured of a concern over Austin Padgett driving or coverage under the Policy was through its Reservation of Rights letters sent after the Carter Lawsuit was filed. [Exh. 3, H. Padgett Decl. ¶ 15].

RESPONSE: **DISPUTED** (*Deposition of Austin Padgett*, *34:14 – 35:10, Ex. 2*) (*Deposition of Harold Padgett*, 34:19 – 35:8; *Ex. 3, p. 51*).

.

Dated: February 11, 2023                    Respectfully submitted,

                                                          GORDON REES SCULLY MANSUKHANI, LLP

                                                          */s/ Pamela Bagley Webb*_____
                                                          Pamela Bagley Webb, BPR 33698
                                                          4031 Aspen Grove Drive, Suite 290
                                                          Franklin, Tennessee  37067
                                                          Phone:  (615) 772-9010
                                                          pwebb@grsm.com

                                                          *Counsel for Plaintiff*
                                                          *AmGuard Insurance Company*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 11th day of February, 2023, a true and correct copy of ***PLAINTIFFS' AMENDED OR SUPPLEMENTAL RESPONSE TO DEFENDANTS' STATEMENT OF FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT*** was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record:

R. Holland Matthews
THE MATTHEWS FIRM, PLLC
700 N. Main Street
Columbia, TN 38401
931.381.2460
holland@matthewsinjurylaw.com

*Counsel for Defendants A&H Towing, Harold Padgett, Austin Padgett, and John D. Venable*

/s/ Pamela Bagley Webb_____
Pamela Bagley Webb, BPR 033698