IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| AMGUARD INSURANCE COMPANY, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | NO: 1:21-cv-00075 |
| V. | ) | |
| | ) | JUDGE CAMPBELL |
| A&H TOWING, LLC ET AL., | ) | MAGISTRATE JUDGE |
| | ) | HOLMES |
| | ) | |
|     Defendants. | ) | |

### PLAINTIFF'S BRIEF IN REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

COMES NOW, Plaintiff AmGuard Insurance Company, ("Plaintiff" or "AmGuard"), by and through its attorneys of Gordon & Rees LLP, pursuant to Local Rule 7.1, and for *Plaintiff's Reply to Defendants' Response In Opposition to Plaintiff's Motion for Summary Judgment* shows this Court as follows:

### I. Plaintiff is entitled to summary judgment as a matter of law based upon the arguments presented by Plaintiff and Defendant.

In the above-styled civil action, Plaintiff prevails on summary judgment under Tennessee Code Annotated § 56-7-103 because (1) a misrepresentation was made in the application for insurance by Harold Padgett on behalf of A&H Towing; (2) the misrepresentation (a) was made with the intent to deceive and/or (b) increased the risk of loss, resulting a material misrepresentation, and (3) authorizing Plaintiff to deny coverage and/or void the insurance policy.

Additionally, and as stated as a basis for summary judgment in Plaintiff's opening brief, Plaintiff is entitled to summary judgment based on Defendants' clear failure to meet conditions precedent to coverage. As Defendants have presented no question of fact serving as the basis for the denial of summary judgment to Plaintiff on these grounds, Plaintiff is entitled to summary

1

judgment for Defendants' failure to meet condition precedent to coverage under the Policy.

II. **Plaintiff is entitled to summary judgment on two grounds under Tennessee law.**

Based on the review of Defendants' evidence provided regarding Austin Padgett's employment compared with the post-motion declarations submitted by Defendants, it is clear that the Application contains material misrepresentations that increased the risk to AmGuard, and as such, AmGuard is entitled to summary judgment under Tennessee law.[1]

As referenced in Plaintiff's brief in support of its motion for summary judgment, Defendants represent that Austin Padgett became employed for A&H Towing in 2018/2019. in his discovery responses. It is undisputed that an MVR was run on Austin Padgett on May 12, 2020. Defendants also argue in support of their motion and in defense of Plaintiff's motion, and it is supported by Defendants' evidence, that at some point, Austin stopped driving as an employee for A&H Towing for approximately one year, and then began driving again. (*Deposition of Harold Padgett*, p. 27:1- 25).

The testimony is clear that Austin Padgett drove occasionally between 2015-2018 for A&H Towing when he was employed with Team Construction, prior to coming to work for A&H Towing in 2018/2019. Under both sets of circumstances, Austin's testimony is that he would drive "as needed" or "off and on…[to] help out when he could" or "on occasion…depend[ing] on…the workload…and how many drivers we had working." (*Austin Padgett*, 28:12 – 30:12). Further, Austin Padgett has now testified in his Declaration that he was not driving for A&H Towing between May 2020 and July 2020,

---

[1] Counsel acknowledges, for the record, that an MVR date was incorrectly stated in Plaintiff's response to Defendant's motion as May 4, 2018, instead of May 4, 2020, however, this misstatement does not change Plaintiff's conclusion set forth here.

2

and then, sometime "[a]fter the insurance policy was issued in July of 2020, A&H Towing lost one of its drivers…[and] I began to occasionally drive to a call for assistance when all of the company drivers were unavailable." (*Declaration of Austin Padgett*, §§ 6-7.). It is undisputed that Austin Padgett was driving for A&H Towing during the time period that encompassed September 1, 2020, which was the date of the Killen accident, and on February 17, 2021, which was the date of the Carter accident.

The above facts, presented in testimony solely from Defendants, reveal clearly that Austin Padgett served as an occasional, as-needed driver A&H Towing between 2015 and the date of the Carter accident on February 17, 2021. Important to the determination of these motions is the following testimony provided by Harold Padgett in his deposition:

> Q. And do you agree that at some point after Austin stopped driving for a little while because of points on his record and the insurance rates going up, that he began driving again, approximately, a year later, as needed?
>
> A. I'm not sure on dates. But, yes, he did start driving again whenever something come in and nobody was there.
>
> Q. Okay. And do you recall reporting to AmGUARD that he was going to begin driving again at that time?
>
> A. I never reported anything to AmGUARD.

(*Deposition of Harold Padgett*, 27:21-28:6).

As a result of both Padgetts' testimony regarding the number of time periods that Austin Padgett drove as a "peak period" or "during emergencies" driver as specifically requested in the Application, it is clear that the failure to list Austin Padgett in the list of drivers and/or in response to the question regarding any and all friends or members of household who might serve as drivers during periods or emergency situations would include Austin Padgett was a misrepresentation that would be deemed material based on the May 4, 2020 MVR of Austin

3

Padgett. Further, this misrepresentation served to bind the insured to the statement during the policy period, despite Defendants' incorrect statements of the law to the contrary. Further, as is stated below as the second basis for Plaintiff's motion, even assuming for the purpose of argument that Defendants' statements are true, the failure to report Austin Padgett to AmGuard immediately upon allowing him to be employed as a driver produces the following result:

> This Coverage Form is void…if you if you or any other 'insured', at any time, intentionally conceals or misrepresents a material fact concerning:
> **a.** This Coverage Form;
> **b.** The Covered "auto";
> **c.** Your interest in the covered "auto"; or
> **d.** A claim under this Coverage Form.

*(Harold Padgett*, 34:19 -35:18, *Ex. 3*, pp. 59-60).

Additionally, the Policy provides as set forth in Plaintiff's brief that "ALL NEW OPERATORS AND DRIVERS HIRED *OR DESIGNATED* MUST BE IMMEDIATELY REPORTED TO THE COMPANY" and that failure to do so "IS A MATERIAL MIS-REPRESENTATION OF THE RISK WE INSURE AND INCREASES THE HAZARD INSURED AGAINST" that can result in cancellation of the Policy. *(Harold Padgett*, 34:19 -35: 8, *Ex. 3*, p. 5).

As set forth by the *Smith* Court, "[a] party's signature binds him or her as a matter of law to the representations in the signed document." *Smith v. Tenn. Farmers Life Reassurance Co.,* 210 S.W.3d 584, 591 (Tenn.Ct.App. 2006).

Further, the holding set forth by the *Lane* Court in reviewing the misrepresentations as to the history of Austin Padgett as a driver and the failure to report his status as a driver as required by the Policy is applicable to the action at hand, and to the validity of Plaintiff's basis for summary judgment:

4

[An insurance company is authorized under the above statute to] deny a claim if the insured obtains the policy after misrepresenting a matter that increased the company's risk of loss. A misrepresentation in an application for insurance increases the insurance company's risk of loss if it naturally and reasonably influences the judgment of the insurer in making the contract…[and i]t need not involve a hazard that actually produced the loss in question.

*Lane v. Am. Gen. Life & Accident Ins. Co.*, 252 S.W.3d 289, 295-96 (Tenn.Ct.App. 2007).

Based on all evidence set forth in Plaintiff's motion, exhibits, responses to Defendant's arguments, and in this reply brief, Plaintiff requests that this Court enter summary judgment on Plaintiff's behalf, enter an Order denying Defendant's motion for summary judgment, and such other relief as this Court deems just and proper.

Dated: February 17, 2023        Respectfully submitted,

GORDON REES SCULLY MANSUKHANI, LLP

*/s/ Pamela Bagley Webb*_____
Pamela Bagley Webb, BPR 33698
4031 Aspen Grove Drive, Suite 290
Franklin, Tennessee  37067
(615)772-9010
pwebb@grsm.com

*Counsel for Defendant*
*Healthcare Revenue Recovery Group, LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 17th day of February, 2023, a true and correct copy of *Plaintiff's Reply to Defendants' Response in Opposition to Plaintiff's Motion for Summary Judgment* was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record:

R. Holland Matthews
THE MATTHEWS FIRM, PLLC
700 N. Main Street
Columbia, TN 38401
holland@matthewsinjurylaw.com

*Counsel for Defendants A&H Towing, Harold Padgett, Austin Padgett, and John D. Venable*

/s/ Pamela Bagley Webb
Pamela Bagley Webb