IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| AMGUARD INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | NO: 1:21-cv-00075 |
| V. | ) | |
| | ) | JUDGE CAMPBELL |
| A&H TOWING, LLC ET AL., | ) | MAGISTRATE JUDGE HOLMES |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE
IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Come now the Defendants, pursuant to Fed. R. C. P. 56 and the Court's Case Management Order [Doc. No. 19 Page ID# 345], and offer the following as Defendants' Reply to Plaintiff's Response [Doc No. 43] in opposition to Defendants' summary judgment motion:

**I.      The Application Correctly Represents Number of Employees.**

The Application identified "4" as the number of employees in Defendants' towing company, including Austin Padgett. Plaintiff cites nothing in the Record to dispute this fact. While Plaintiff, in its Response, claims that it's like Austin Padgett didn't exist according to the Application [See Doc. 43, Page ID# 1075], the Application did not ask for the identity of the employees. It was AmGuard's duty to tailor the Application to seek the information it deemed material,[1] and questions not contained in an application are presumed immaterial.[2]

**II.     Plaintiff Misstates the Date of Austin Padgett's MVR.**

Much of Plaintiff's Response relies upon a Motor Vehicle Record (MVR) report which was exhibited to Austin Padgett's deposition. Specifically, Plaintiff cites the MVR in an effort to

---

[1] *Sosebee v. Allstate Ins. Co.*, 2003 WL 21920924, *4 (E.D. Tenn. May 16, 2003); *Tapco Underwriters, Inc. v. Bragg*, 60 F.3d 829, 1995 WL 399065, *3-4 (6th Cir. July 6, 1995).
[2] *Adams v. Tenn. Farmers Mut. Ins. Co.*, 2010 WL 1444477, *10 (Tenn. App. April 13, 2010); *Stipcich v. Metropolitan Life Ins. Co.*, 277 U.S. 311, 316 (1928).

push up the timeline of events to argue that Austin Padgett came to work at A&H Towing in early 2018 and thus create a dispute of fact over whether Austin Padgett started back driving to some degree before the Policy was issued. This is flatly wrong. In its Response, Plaintiff claims that the latest Austin Padgett came to work full time at A&H Towing was May 4, 2018, and cites his deposition testimony wherein the MVR was exhibited. [See Pl. Resp., p. 6, Doc. No. 43, Page ID# 1077]. To the contrary, the actual date of the MVR was May 19, 2020, as evidence by the following excerpt from the MVR exhibit:

| 5/19/2020 | | | | MVR - | | | |
|---|---|---|---|---|---|---|---|
| iiX — A Verisk Business www.iix.com (800) 683-8553 | | DRIVER RECORD SERVICE REPORT FOR TENNESSEE | | | | | 412782486 |
| | | REPORT DATE | REQUESTOR | ACCT# | SEQUENCE# | BILL CODE | PAGE |
| | | 05/19/2020 | TE | 894120 | 760042415 | 002 | 1 |
| LICENSEE NAME/ADDRESS | | LICENSE NUMBER | | LICENSE CLASS | | STATUS | |
| PADGETT, AUSTIN RANDALL 2305 WILLIAMSPORT PIKE COLUMBIA, TN 38401 | | | | CDL-A*** RESTRICTIONS | | VALID | |
| ISSUED | EXPIRES | DRIVER DESCRIPTION | | | | | |
| 05/04/2018 | 05/04/2026 | Gender: M Height: 6 00 Weight: 215 Eye Color: BR Hair Color: BR | | | | | |
| REPORT PREPARED FOR | | | | COMMENT | | | |
| ALDRIDGE INSURANCE LLC 1704 EASTWOOD DR SE DECATUR, AL 35601-6719 | | | | H. PADGETT-A. PADGETT | | | |

[Doc. No. 35-6, Page ID #877]. Clearly the date of the MVR is not May 4, 2018, as Plaintiff claims. Rather, May 4, 2018, is the date listed in the MVR as the date on which Austin Padgett was first issued his Commercial Drivers License (CDL). Mr. Padgett's deposition testimony confirms that he was working for Team Construction (not A&H Towing) on May 4, 2018, when he first obtained his CDL. [See A. Padgett Dep., p. 23, Doc. No. 38-2, Page ID#977]. Despite Plaintiff's confusion, the deposition testimony and Declarations of Austin and Harold Padgett are all consistent – Austin Padgett began working full time at A&H Towing in late 2018 or early 2019. [A. Padgett Decl., ¶2, Doc. No. 38-4, Page ID#1022; H. Padgett Decl., ¶11, Doc. No. 38-3, Page ID#1019; A. Padgett Dep., p. 24, Doc. No. 38-2, Page ID#988]. This timeline is consistent with

Austin and Harold Padgett's testimony in their Declarations that Austin Padgett stopped driving in the Fall of 2019 and did not drive in any capacity for the company until approximately one year later in late August/early September of 2020, after the Policy was delivered. [See A. Padgett Decl., ¶¶4-8, Doc. No. 38-4, Page ID#1023; H. Padgett Decl., ¶11-12, Doc. No. 38-3, Page ID# 1019].

### III. <u>Plaintiff Fails to Dispute Crucial Material Facts.</u>

Plaintiff's initial Response to Defendants' Statement of Facts [Doc. No. 43-1] does not cite any evidence in the Record to support its disputes of the facts. Pursuant to Fed. R. Civ. P. 56(e), when a party fails to properly address another party's assertion of fact required by Rule 56(c), the court may consider the fact undisputed for purposes of summary judgment. Plaintiff's late-filed "Amended or Supplemental Response to Defendants' Statement of Undisputed Material Facts," [Doc. No. 45], attempts to cite evidence in the Record to dispute the controlling facts, but, upon a closer examination, also fails to cite any evidence to actually dispute the statements of fact. For example, one of the most controlling facts and the Plaintiff's response are as follows:

> 18. After Austin Padgett stopped driving for A&H Towing in Fall of 2019, he did not drive for A&H Towing in any capacity for approximately one year. [Exh. 4, A. Padgett Decl. ¶¶ 2 – 5; Exh. 2, A. Padgett, Dep., P. 31, ln 4-8]. From Fall of 2019 through approximately one year later in late August or early September, 2020, Austin Padgett was not driving vehicles for A&H Towing in any capacity. [Exh. 4, A. Padgett Decl. ¶¶ 4 – 8; Exh. 2, A. Padgett, Dep., P.31, ln. 4-10].
>
> <u>RESPONSE</u>: **DISPUTED. (*Austin Padgett, 34:14 – 35:10, Ex. 2*).**

[Pl. Resp. to Def. S.U.M.F., ¶ 18, Doc. No. 45, Page ID #1105]. The only evidence in the Record cited by Plaintiff to dispute this is the portion of Austin Padgett's deposition wherein the 5/19/2020 MVR was marked as an exhibit, but nothing in that MVR disputes these facts.[3] Similarly,

---

[3] It appears that Plaintiff's belief that the MVR disputed this material fact was based upon its incorrect reading of the date of the MVR as being from 2018, instead of the correct 5/19/2020 date.

3

Case 1:21-cv-00075   Document 47   Filed 02/24/23   Page 3 of 6 PageID #: 1120

Plaintiff's response in "dispute" to many other controlling facts in Defendants' Statement of Facts either fails to cite any evidence in the record or cites irrelevant testimony.[4]

### IV. Sham Affidavit Rule Does Not Apply

Plaintiff, under Subheading B in its Response brief [Doc. No. 43, Page ID# 1079] asserts that some or all of the testimony in Austin Padgett's Declaration [Doc. No. 38-4] filed in support of Defendants' Motion for Summary Judgment should be stricken under the "Sham Affidavit" rule. This "rule provides that a party cannot create a genuine dispute of material fact with an affidavit that conflicts with the party's earlier testimony about the fact."[5] Plaintiff fails to show any direct contradiction between Austin Padgett's deposition testimony and his Declaration. The only portion of Austin Padgett's testimony referenced by Plaintiff was in regard to the 5/19/2020 MVR exhibited to his deposition, but, in fact, no contradiction or tension exists, because Plaintiff misstates the date of the MVR. Plaintiff's counsel never actually asked Austin Padgett in his deposition if he was driving during the time of the Application. Likewise, after Austin Padgett testified that he stopped driving completely for approximately one year (which encompassed the time of the application), Plaintiff's counsel did not attempt to determine the timeframe for this one-year period. Plaintiff's failure to ask relevant questions or pursue follow-up questions should not now serve as some basis to strike portions of Austin Padgett's Declaration or create a genuine dispute of material fact.

### CONCLUSION

Plaintiff's Response to Defendants' Summary Judgment Motion fails to demonstrate a genuine dispute of material fact. Plaintiff cannot dispute the fact that Austin Padgett had stopped

---

[4] Many of the citations in Plaintiff's Response to Defendants' SUMF refer to the Plaintiff's Complaint or its own briefing, all of which are allegations, legal arguments, and conclusions unsupported by evidence in the Record.
[5] *Boykin v. Family Dollar Stores of Michigan*, LLC, 3 F.4th 832, 842 (6th Cir. 2021).

driving in any capacity well before the Application was submitted and the Policy delivered. Further, it's undisputed that A&H Towing had 4 employees at the time of the Application, which was accurately represented in the Application. Austin Padgett was one of these employees. The Application did not ask for the name of all the employees. The undisputed testimony is that, while Austin Padgett had driven for the company in the past, he was not driving in any form or capacity at the time of the Application or the issuance of the Policy. Austin Padgett did not start back driving in any capacity until after the Policy was issued, once the company lost a driver, and only then his driving was infrequent and sporadic as he was not a company driver. Likewise, relative to *Count II* of the Plaintiff's Complaint, there is no evidence that Austin's employment or the facts surrounding the post-policy change in circumstances were fraudulently withheld from AmGuard. Rather, the undisputed facts show notice of this fact was given to AmGuard's agent in early September, 2020, or 6 months before the fatal Carter Wreck. The Plaintiff's causes of action fail because (1) the representations in the Application were all correct and true when made and remained so through when the Policy was delivered; and (2) Plaintiff cannot demonstrate any dispute of fact to support its claims that the post-policy change in circumstances leading to Austin driving was fraudulently concealed. As such, Defendants are entitled to judgment as a matter of law.

Respectfully Submitted:

THE MATTHEWS FIRM, PLLC

BY: */s/ R. Holland Matthews*
R. Holland Matthews, #030486
700 N. Main Street
Columbia, TN 38401
931.381.2460
holland@matthewsinjurylaw.com
*Attorneys for Defendants*

CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that a true and correct copy of the foregoing was served via the Court's CM/ECF filing system and/or via United States Mail on the parties not registered with the Court's electronic filing system:

Pamela Bagley Webb
Gordon, Rees, Scully, Mansukhani, LLP
4031 Aspen Grove Drive, Ste. 290
Franklin, TN 37067
pwebb@grsm.com
*Attorney for AmGuard Insurance Co.*

On this the 24th Day of February, 2023.

                                              */s/ R. Holland Matthews*
                                              R. Holland Matthews